```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
ULYSEE THOMPSON, MD

                        Plaintiff,
                                                    ORDER

                                                12-CV-06044
            v.
CITY OF GENEVA, NEW YORK,

                        Defendant.
_____
```

Plaintiff, Ulysee Thompson ("Plaintiff"), brings this case against the City of Geneva, New York ("Geneva") pursuant to 42 U.S.C. § 1983, alleging damages resulting from Geneva's attempted enforcement of a local ordinance relating to the management of sex offenders. In Terrance v. City of Geneva, 799 F.Supp.2d 250 (W.D.N.Y. 2011), this Court determined that the local ordinance in question was preempted by New York State law relating to the management of sex offenders and was therefore invalid. In so finding, the Court issued a judgment in favor of Terrance on his claims for declaratory and injunctive relief under New York State law, but declined to determine whether the local ordinance was unconstitutional under federal law. That decision did not address Terrance's additional claims for compensatory damages under § 1983. The parties unsuccessfully attempted to settle those claims and they are currently engaging in discovery. (Civil Docket 10-CV-6450 No. 20, 24, 26-7.)

Geneva now moves to dismiss Plaintiff's complaint in this case contending that because this Court did not consider the "constitutional claims" in Terrance - which are identical to the constitutional claims raised in this case - the Court should also dismiss Plaintiff's constitutional claims. However, while the Court did not consider Terrance's constitutional claims for declaratory and injunctive relief, the Court has yet to consider Terrance's claims for compensatory damages under 42 U.S.C. § 1983. See Loyal Tire & Auto Center, Inc. v. Town of Woodbury, 445 F.3d 136 (2d Cir. 2006)("[T]he district court's grant of injunctive relief on preemption grounds did not render it unnecessary to reach the constitutional question" because it did not resolve the plaintiff's compensatory damages claims.)

Plaintiff in this case does not seek declaratory or injunctive relief, which would be moot following the Court's decision in Terrance. However, Plaintiff seeks compensatory damages for Geneva's attempt to enforce the local ordinance against him, which he alleges was unconstitutional and resulted in injury. The Court will consider Plaintiff's claims for compensatory damages under § 1983. Geneva does not move to dismiss Plaintiff's claims for any other reason, accordingly, Geneva's motion to dismiss is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

                                                       <u>  s/ Michael A. Telesca  </u>
                                                          MICHAEL A. TELESCA
                                           United States District Judge

Dated:   Rochester, New York
        April 17, 2012